NEW ENGLAND FIRE INSURANCE CO. *vs.* DAVID N. HAYNES.

January Term, 1899.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, THOMPSON, and WATSON, JJ.

Opinion filed May 6, 1899.

*What is a Demand Note—Statute of Limitations.*—A note running to a corporation and payable "in such installments and at such times as the directors may require, notice thereof being published according to the charter," the charter requiring thirty days publication in a newspaper, is not a note payable on demand; and the statute of limitations does not begin to run thereon from its date.

*Statute of Limitations—Demand.*—When delay in making demand is expressly contemplated, there is no rule of law that requires the demand to be made within the statutory period for bringing an action.

*Statute of Limitations—Reasonable Time.*—If the statute did begin to run at the expiration of a reasonable time for call and notice, it was for the defendant to have shown as matter of fact that such time had expired, or at least a state of facts upon which the law could assume the limit to have been passed, neither of which was done in this case.

*Estoppel.*—The defendant, if he did give the note upon the promise that it should be surrendered after certain financial straits had been passed, gave it, as the case shows, for the purpose of enabling the plaintiff to deceive the insurance commissioners as to the plaintiff's financial condition and is estopped from taking advantage of his own fraud.

*Legality of Calls—Number of Directors.*—The call by the directors was not invalid by reason of the plaintiff's failure to elect fifteen directors, for the charter only required from seven to fifteen, and at all times in question there were more than seven and more than a majority of fifteen concurring in the action taken.

ASSUMPSIT.   Pleas, general issue, statute of limitations and notice.   Heard on referee's report at the March term, 1898, Rutland county, *Start*, J., presiding.   Judgment for the plaintiff.   The defendant excepted.

*George E. Lawrence,* for the defendant, cited *Kingsbury* v. *Butler,* 4 Vt. 458; *Bell* v. *Yates,* 33 Barb. 627; *Howland* v. *Edmonds,* 24 N. Y. 307; *Dawley* v. *Wheeler,* 52 Vt. 574; *Palmer* v. *Palmer,* 36 Mich. 487; *Steele* v. *Steele,* 25 Pa. St. 154; *Morrison* v. *Mullin,* 34 Pa. St. 12; *Lower* v. *Miller,* 66 Ia. 408; *Rhines* v. *Evans,* 66 Pa. St. 195; *Thrall* v. *Mead,* 40 Vt. 540.

*Butler & Moloney* for the plaintiff.

THOMPSON, J.   The plaintiff is an insurance company incorporated by No. 176, St. 1880.   It seeks to recover upon the following note, executed and delivered to it by the defendant.   "$900.   Rutland, Vt., Feb'y 9th, 1885.   For value received, I promise to pay to the 'New England Fire Insurance Co.,' at its office in Rutland, Vt., nine hundred dollars, payable in such installments and at such time or times as the Directors may require, notice thereof being published agreeably to the charter."   This note was given for twenty shares of stock of the plaintiff company, first issued to the Atlas Guaranty Company, and by it duly transferred and delivered to the defendant.   At the time the note in question was given, a part of the assets of the plaintiff consisted of notes commonly referred to as "stock notes," being notes given for its stock by holders thereof, and of similar tenor and import to the note in suit.   The makers of these "stock notes" were liable to pay the same whenever assessments were voted thereon by plaintiff's directors, pursuant to its charter and by-laws.   Among the "stock notes" so held by the plaintiff, was one for $900 made by the Atlas Guaranty Company, and given for the stock assigned and delivered to the defendant.   This note was surrendered to the maker by the plaintiff at the time the

defendant's note was taken, and his note was taken in lieu of the note so surrendered. The defendant then understood that his note was to take the place of the Atlas Guaranty Company's note in the assets of the plaintiff. From its language, as well as the circumstances under which it was given, the note in suit was in effect the same as the other "stock notes." Assessments were made on this note as follows: July 30, 1892, ninety dollars, payable September 15, 1892; December 26, 1894, $100, payable February 1, 1895; and March 1, 1895, $710, payable April 15, 1895. Notice was given of each assessment by publication in the Rutland Herald, a newspaper printed in Rutland, agreeably to the requirements of the charter. The writ is dated September 6, 1895.

(1) The defendant insists that this action is barred by the statute of limitations, on the ground, as he claims, that the note in suit in legal effect is a note payable on demand, and that the statute began to run thereon from its date, although no demand was in fact made within six years from its date. Undoubtedly in the case of a note payable on demand, the contention of the defendant is correct. But when delay in making demand is expressly contemplated, there is no rule of law that requires that demand should be made within the statutory period for bringing an action. Where a promissory note made payable "three months after demand" was sought to be enforced more than twenty years after its date, it was held that as no demand had been made until within six years next before bringing the action, the statute had not run thereon. Wood on Lim. Actions 256, 257, *Stanton* v. *Stanton* 37 Vt. 413.

In *Stanton* v. *Stanton, supra,* it is said that "when the instrument itself indicates that the calls for payments were to be indefinitely prospective, and to be made as might suit the wants and convenience of the payee, there is no ground furnished upon which the law can assume any fixed point, as a limit to reasonable time for making a demand, and

therefrom give operation to the statute of limitations." The note in suit refers to the charter to determine when the installments called for by the directors should become due and payable.   Section 6 of the charter, among other things, provided that "securities," which included "stock notes" should be payable in such installments and at such time or times as the directors might require, notice thereof being published in some newspaper printed in Rutland, at least thirty days previous to the time when such installment was declared to be payable.   By the express terms of the defendant's note, no installment nor part thereof, was to be due until a time *after demand* should be made by such publication.   These "stock notes" were treated as a fund for the benefit of the creditors of the plaintiff.   It is apparent from the terms of the note, that delay in making demand, was expressly contemplated by the parties, and that the calls for payments were to be indefinitely prospective, and were to be made as might suit the wants and convenience of the plaintiff as the same should thereafter be determined by its business needs, and consequently the statute of limitations would not begin to run upon the installments, until the time fixed for payment by the call of the directors and the publication of notice agreeably to the charter. This contention of the defendant, therefore, cannot prevail, as this action was brought within six years of the time when the first installment became payable.   This holding is not opposed to *Lycoming Fire Insurance Company* v. *Batcheller*, 62 Vt. 148, which recognizes the doctrine that the statute of limitations begins to run when the plaintiff first can sue on the claim in question.

The defendant also contends that, if the statute did not begin to run from the date of the note, it began to run at the expiration of a reasonable time in which to call for payment and to publish notice of such call pursuant to the terms of the note, and that such reasonable time had elapsed more than six years before the commencement of

this suit.   If it were the law that the demand must have been made within a reasonable time, (which we do not decide,) to render this claim effective in his behalf, it would be incumbent on the defendant to show, as a matter of fact when such reasonable time expired, or to show a state of facts upon which the law would assume a limit to such reasonable time.   *Stanton* v. *Stanton*, 37 Vt. 413.   The record does not show such a finding as a matter of fact, by the trier, nor does it disclose such facts as enable this court to say as a matter of law, when such reasonable time would expire.   Hence, on this view of the matter, it cannot be held that the note is barred by the statute of limitations.

(2) · It is not necessary to decide whether it was error to admit parol evidence to show what occurred between Redington and the defendant, when the latter gave the note to the plaintiff, for the facts found on such evidence cannot avail the defendant by way of defense to this action.   Such facts show that he gave the note for the purpose of enabling the plaintiff to deceive the Insurance Commissioners of this State in respect to its then financial condition, and he is estopped from taking advantage of his own fraud in this behalf.   *Grand Isle* v. *Kinney*, 70 Vt. 381.

(3) The call by the directors for the several installments was not invalid by reason of the failure of the plaintiff to elect fifteen directors for the years in which such calls were made.   The charter provided that there should be not less than seven, nor more than fifteen, directors.   At no time did it elect less than seven directors, and at all times in question it had more than seven, and more than a majority of fifteen directors participated in the vote of the board declaring the installments payable.   *Wright* v. *Com.*, 109 Pa. St. 560.

*Judgment affirmed.*