E. E. BRINTNALL, Appellant, v. J. C. BRIGGS, Appellee.

Contract: RE-FORMATION: GROUNDS FOR. Where a petition for the reformation of a written contract alleged that the plaintiff knew, at the time the contract was executed, that one of the elements of the agreement was omitted therefrom, and requested that it be inserted, but that the defendant refused to have it inserted, but orally agreed that the same should be binding upon him the same as if inserted in the written contract, *held,* that it was demurrable on the ground that the facts stated did not entitle the plaintiff to the relief demanded; such relief being warranted only when, through fraud, accident or mistake, the written contract fails to express the real agreement of the parties.

*Appeal from O'Brien District Court.*—HON. F. R. GAYNOR, Judge.

WEDNESDAY, FEBRUARY 1, 1893.

THIS is an action in equity by which the plaintiff claims damages of the defendant for the breach of an oral agreement made at the same time that a written contract was entered into between the parties. It is asked that the written contract be re-formed so as to include the said oral agreement. There was a demurrer to the petition, which was sustained, and the plaintiff appeals.—*Affirmed.*

*T. F. Ward* and *W. D. Boies,* for appellant.

*Geo. F. Colcord* and *E. C. Herrick,* for appellee.

ROTHROCK, J.—It is not necessary to copy the petition in this opinion. The facts averred therein, briefly stated, are as follows: In April, 1890, one R. Elphick and the plaintiff entered into a written contract with the defendant by which they purchased of the defendant a store building and lot, and also a complete stock of harness tools and fixtures belonging to said business. The purchase price of the building and lot was one thousand, two hundred dollars, and the price of the harness tools was fixed by an invoice. After the invoice was had, and the property paid for, Elphick sold his interest in the property and business to the plaintiff. It is averred in the petition that the defendant had for a long time prior to the sale of said property been engaged in carrying on the said business at Sutherland, where the property was situated, and that at the time of the said sale the defendant induced the plaintiff and the said Elphick to enter into said written agreement by an express oral promise that he would not engage in said business at that place while

the plaintiff and Elphick should be so engaged, and that at the time of the execution of said written agreement the plaintiff and his partner knew that there was no such a stipulation therein, and requested it to be inserted, but that the defendant refused to have it inserted, but orally agreed that the same should be binding upon him, the same as if inserted in the written contract. It is further averred that the defendant did engage in the business, and thus violated his oral agreement, and that he still continues to do so, to plaintiff's damage. The demurrer is to the effect that the facts stated in the petition do not entitle the plaintiff to the relief demanded.

Under the averments of the petition the plaintiff does not claim that the written contract should be re-formed because of fraud, accident, or mistake. It is sought to extend the well-understood grounds of re-formation to a state of facts where there was no fraud, no accident, and no mistake, but to a case where the parties made a written contract which is full and complete upon its face, and knew just what it contained. It is a plain case of seeking to add a verbal stipulation to a written contract which alters its meaning and purpose in a material respect. It appears to us that the claim made by the plaintiff is in plain conflict with one of the elementary principles of the law, which is stated in Greenleaf on Evidence (volume 1, section 275) as follows: "When parties have deliberately put their engagements into writing, in such terms as import a legal obligation, without any uncertainty as to the object or extent of such engagement, it is conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking, was reduced to writing; and all oral testimony of a previous colloquium between the parties, or of conversation or declarations at the time when it was completed, or afterwards, as would tend in many

instances to substitute a new and different contract for the one which was really agreed upon, to the prejudice, possibly, of one of the parties, is rejected. In other words, as the rule is now more briefly expressed, 'parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written agreement.'" This court has followed that rule in a large number of cases. It is to be found in very many of the volumes of our reports, and has never been questioned until now. We need not cite the cases.

It is claimed that the petition "was drawn strictly in accord with the law as laid down in several opinions of the supreme court of Pennsylvania." The cases are cited in argument, and, as we understand, one of them places the decision on the ground that to allow the written contract to be controlled by the oral stipulation was but "an attempt to show the real contract between the parties, and nothing more." There is a line of cases, and indeed a well-established rule, that the true consideration for a written contract may be shown by parol. But that rule has no application to a case like this. It applies where it is sought to show the real consideration of an executory contract in order to sustain it, or to show the want of a consideration, or a failure of consideration. But it has never been extended by this court to authorize additional oral stipulations to be added to a written contract, under the claim that the oral agreement was part of the consideration. In the case of *Mast v. Pearce,* 58 Iowa, 579, it was sought to add an oral warranty of a machine to the written contract of sale, and it was held that it was an infringement of the rule which prevented the contradiction of a written contract by parol. That case is in principle the same as the case at bar. This court has adopted a very liberal rule upon the subject of re-forming written contracts because of fraud, accident, or mistake. See *Stafford v. Fetters,* 55 Iowa,

484.   And we have no disposition to go further, and, as we understand it, overrule a long line of our own decisions, founded upon a rule which is adhered to by nearly all of the courts in this country.   AFFIRMED.