' PETER PAPANASTOS & another *vs.* ISAAC HELLER.
ISAAC HELLER *vs.* PETER PAPANASTOS & another.

Suffolk.    March 8, 9, 1917. ― May 25, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Landlord and Tenant,* Covenant in lease.

At the hearing by a judge without a jury of an action by a lessee under a written lease to recover back money paid as rent in advance under the lease, it appeared that the lease contained a covenant that the lessor would "fix up the demised premises . . . in good satisfactory condition," which was understood by the parties to mean that the work would be done before the beginning of the term of the lease; that nothing in the way of fixing up was done by the lessor before the beginning of the term; that the lease contained stringent covenants binding the lessees after the beginning of the term as to keeping certain portions of the premises repaired and in good condition and as to saving the lessor harmless from loss, liability or expense incurred, suffered or claimed by reason of gas, water, electricity, snow or ice, or injury or damage to persons or property upon or in transit to the demised premises, and for nuisances. The judge found that performance of the covenant to "fix up" the premises was a condition precedent to the vesting of the estate in the lessee, and found for the plaintiff. *Held,* that the findings were warranted.

TWO ACTIONS OF CONTRACT, the first action being for $208.33, paid as rent under a lease in writing previous to the premises being delivered to the plaintiffs, the lessees; and the second action being by the lessors for rent alleged to be due under the pro-

visions of the lease. Writ in the first action in the Municipal Court of the City of Boston dated December 9, 1914, and in the second action in the Superior Court dated February 2, 1915.

The first action was removed to the Superior Court, where the two actions were heard together by *Aiken*, C. J., without a jury. The material facts are stated in the opinion. The Chief Justice found for the plaintiffs in the first action in the sum of $224.61, and for the defendants in the second action; and the defendant in the first action and the plaintiff in the second action alleged exceptions.

*N. A. Heller,* for Isaac Heller.

*E. H. Savary,* for Papanastos.

DE COURCY, J. On the undisputed evidence, supplemented by the judge's findings, the following facts are established. Heller, the defendant in the first action (hereinafter referred to as the defendant) and Peter and Apostolos Papanastos (herein referred to as the plaintiffs) on October 24, 1914, entered into a written lease of "the store and dwelling house in the building numbered 906 & 908 Washington Street," Boston, for a term of ten years beginning with noon of the first day of December 1914. The lease contained a covenant that the lessor would "fix up the demised premises above the store in good satisfactory condition;" and this was understood by the parties to mean that the work would be done before said December first. On several occasions before that date the plaintiffs requested the defendant to perform his written and oral promises, but as matter of fact he did nothing in the way of fixing up the premises. Seven rooms on the second floor and two attic rooms were occupied by one Rahal, who let the rooms to lodgers. A notice to vacate was served on Rahal November 18, but no further effort was made by Heller to get possession; and on December 1, and for some days later, Rahal and his lodgers were in occupation. On the afternoon of December 1 the plaintiffs sent a written notice to the defendant, in which they demanded a return of the money they had paid.

In the first action, brought to recover $208.33 paid to Heller as rent in advance for the month of December, the court found for the plaintiffs. He also found in their favor in the action brought to recover for the rent of the premises for the months of January and February.

Considering the language of the lease in the light of the facts and circumstances we cannot adopt the defendant's contention that the agreement "to fix up the demised premises above the store in good satisfactory condition" must be construed as the ordinary absolute covenant to repair, and as independent of the covenant to pay rent. In the first place the language of the clause is not that of the usual repair covenant. Again, applying it to the subject matter, the extent of the contemplated alterations or repairs does not appear; they may have been essential to the enjoyment of the premises for the purpose for which the lease was made. Further, the changes were to be made by the lessor and before the date fixed for the occupation of the lessees and their liability for rent. Finally, in the lease were stringent covenants which would bind the lessees after December first; such as that to keep the premises "and all doors, gates, entrances, and approaches thereto . . . and all machinery, shafting, boilers, heating and power apparatus, shaftways, wires, pipes, drains, coal holes, hatchways, glass, plumbing, and other fixtures therein or used therewith" repaired and in good condition, and "to save the Lessor harmless and indemnified from all loss, damage, liability, or expense incurred, suffered, or claimed" by reason, among other things, "of gas, water, electricity, or other agency, or from snow or ice, or by reason of any injury, loss, or damage to any person or property upon the demised premises, or while in transit thereto upon the hallways, stairways, elevators, or other approaches to and upon the streets, alleys, or sidewalks adjacent to the demised premises and its approaches . . . and to be answerable for all nuisances caused or suffered upon the demised premises," and other like provisions.

In the light of all the facts we think the judge was warranted in concluding that it was the intention of the parties to make this agreement, 'to fix the premises "in good satisfactory condition" before December first, a condition precedent to the vesting of the estate in the lessees; and that consequently the lessor's failure of performance justified the lessees in rescinding the contract. *Weed* v. *Crocker*, 13 Gray, 219. *Lowell South Congregational Meeting-house* v. *Hilton*, 11 Gray, 407. *Howland* v. *Leach*, 11 Pick. 151. *Tidey* v. *Mollett*, 16 C. B. (N. S.) 298.

This conclusion renders it unnecessary to consider the alleged

existence of an implied covenant by the lessor to give the lessees
the possession of the demised premises, see Underhill, Landlord &
Tenant, § 413, or to discuss specifically the defendant's requests
for rulings. In both cases the entry must be

*Exceptions overruled.*