## JOHN P. GALBRAITH v. A. CLARK AND OTHERS.[1]

November 2, 1917.

No. 20,570.

**Promissory note — failure of consideration — evidence insufficient.**

> This action was to recover on promissory notes executed by defendants to the Farmers Elevator Company of Barry. The only defense submitted to the jury was want or failure of consideration. Defendants pleaded and proved that they were farmers in the vicinity and as such interested in the operation and maintenance of the elevator as a market for their wheat; that the notes were given to provide the elevator company with funds to continue in business; that the agent who solicited the notes stated that the indebtedness of the company was about $700, whereas it was many times that sum; that it was agreed that, if enough was not raised to clear up the indebtedness of the company, defendants' notes would be returned to them. The cash and notes raised, while not sufficient to pay the indebtedness of the elevator company, enabled it to resume operations and continue in business for three years, when it went into the hands of plaintiff as receiver. It is *held* that the evidence did not justify a finding that there was a want or failure of consideration for the notes.

Four actions in the municipal court of Ortonville by the receiver of the Farmers Elevator Company of Barry to recover $25 upon a promissory note. The substance of the answers is given in the second paragraph of the opinion. The cases were tried together before Flaherty, J., who at the close of the testimony denied the motions of defendants for a directed verdict in favor of each defendant, and the motion of plaintiff for a directed verdict in his favor, and a jury which returned a verdict in favor of

[1]Reported in 164 N. W. 902.

defendant in each action. From an order denying his motion for judgments notwithstanding the verdict or for new trials, plaintiff appealed. Reversed.

*Cliff & Purcell,* for appellant.

*Kaercher & Freerks,* for respondents.

BUNN, J.

These four actions were tried together in the court below. The jury returned verdicts for the defendants. Plaintiff moved for judgment notwithstanding the verdict or for a new trial in each case. The motion was denied and plaintiff appeals.

Each action was brought by plaintiff, as receiver of the Farmers Elevator Company, of Barry, a corporation, to recover of defendant therein the sum of $25 and interest on a promissory note executed by the defendant to the elevator company. The answers were the same in each case. Each alleged that the defendant, at the time the note was executed, was a resident of Big Stone county in the vicinity of Barry, where the elevator company was located, engaged in farming; that it was necessary for him to market his grain at Barry, and that he was interested in the maintenance and operation of the elevator company at Barry; that "in pursuance of his interests and for the purpose of aiding in the establishment and maintenance of the same during the year 1909, he voluntarily paid and contributed for such purpose to the McBrady, hereinafter mentioned, for said Farmers Elevator Company, the sum of $25.00." The answer then admits the execution and delivery of the note sued on, but alleges that the note was given without consideration other than hereafter stated; that the note was given to the elevator company through one McBrady, its manager, upon the express condition "that sufficient money should be raised otherwise from other sources, which, together with the amount of said note should be sufficient and should be used for the payment in full of all indebtedness of whatever nature existing against said corporation, and that in case sufficient funds were not so raised, then said note should be canceled and returned to defendant." It is then alleged that in fact an indebtedness of about $7,500 then existed against the elevator company, whereas McBrady stated that the indebtedness totaled about $750. It is further alleged that the money raised and notes given were wholly

insufficient to pay the indebtedness or to comply with the condition upon which the note was given. It is alleged that McBrady knew the actual amount of the indebtedness, that defendant did not, that McBrady stated it was about $750 to induce defendant to give the note, "with others to give like notes."

We have thus stated in some detail the allegations of the answers in order to make clear, if possible, the exact issues raised. The pleader seems to have had in mind three defenses: (1) Want of consideration; (2) a conditional delivery of the note, under the doctrine of Westman v. Krumweide, 30 Minn. 313, 15 N. W. 255, and succeeding cases; (3) fraud.

The facts, including those admitted or proved, and those which the evidence tended to establish, considered from the standpoint of defendants, are as follows: In the fall of 1908 the elevator company was in financial difficulties. Pursuant to a resolution of its board of directors, McBrady, the manager, went among the stockholders and the farmers in the vicinity to raise funds to carry on the business. Defendants Winter and Stotesbery were stockholders in the company, defendants Clark and Kirkey, farmers interested in the maintenance of the elevator as a market for their wheat. This was also the case with the defendant stockholders. McBrady succeeded in raising some $1,200 in cash and notes; this was turned over to the elevator company, and it was thereby enabled to resume operations. It remained a going concern for about three years, when it was forced to suspend. The evidence would warrant a finding that McBrady stated to each defendant at the time he requested his note that the total indebtedness of the company did not exceed $700, and that each defendant gave his note upon the condition that, if enough was not raised to wipe out the debts of the company, the note would be returned to him. As a matter of fact the elevator company was indebted at this time in a sum in excess of $7,000.

The only defense submitted to the jury was want or failure of consideration. The defense of fraud was not mentioned, and the contention that the notes were executed and delivered on condition that the amount raised would wipe out the debt of the company, or "clear the house," was not submitted as a defense in itself. The court told the jury more than once that unless they found there was no consideration for the notes,

and that they were executed and delivered upon the condition stated, plaintiff was entitled to recover. The evidence as to the condition seems to have been received only as bearing upon the question of consideration. We think it was admissible on this theory, if it had a reasonable tendency to show want or failure of consideration. Whether it was admissible under the so-called "conditional delivery" doctrine applied in so many of our cases from Westman v. Krumweide, supra, to S. P. Bowser & Co. v. Fountain, 128 Minn. 198, 150 N. W. 795, L.R.A. 1916B, 1036, may be open to doubt. The question, in view of the trial court's charge, is not before us.

The only question we need to consider is whether the evidence justified a finding that these notes were without consideration, or that the consideration had failed. The situation is slightly different as to the two defendants who were stockholders, but it seems to us, leaving out of consideration for the present the alleged condition and its violation, that there was a good and sufficient consideration as to all of the defendants. Each answer admits that the defendant, as a farmer in the vicinity, was interested in the continuation of the elevator at Barry, and each defendant admits this in his evidence. It was a distinct advantage to each to be able to market his grain at Barry. We fail to see why this was not a sufficient consideration for the notes. Under the rule that it is a sufficient consideration for a note if any advantage or benefit results to the maker or any detriment or injury to the other party, it seems plain to us that the consideration was sufficient as to each of the defendants. Albert Lea College v. Brown, 88 Minn. 524, 93 N. W. 672, 60 L.R.A. 870, 1 Dunnell, Minn. Dig. § 1750, and Dunnell, Minn. Dig. 1916 Supp. § 1750, et seq.

It remains to be determined how the agreement testified to by defendants affects the question of consideration. We are obliged to assume the truth of the testimony of the defendants as to McBrady's statement as to the amount of the indebtedness and as to the agreement that the notes should be returned if enough was not raised to pay this indebtedness. It is proper to note, however, that what the company was in need of at the time was funds with which to buy grain and continue the business. In view of this fact, and the allegations of the answers to the effect that the notes were given "for the purpose of aiding in the estab-

lishment and maintenance" of the elevator during the year 1909, Mc-Brady's version of the subscriptions may be the true one, but the evidence of the defendants and their witnessess is too clear and positive to permit our saying that the jury was not justified in accepting it as true. But does this evidence show a total lack or entire failure of consideration? It seems to us that it does not. The consideration moving to the defendants was not that the elevator company should be free of debt, but that it should open up again and continue to buy grain. It did this, operating for three years. It seems to us that this fact is conclusive against the theory that there was an entire lack or failure of consideration. That the advantage to the defendants was not so great as it might have been had the company been out of debt is not material so long as some advantage or benefit remained.

It is not a case for judgment absolute for the plaintiff. We are unable to say that defendants may not have good defenses, if properly pleaded and proved. All we hold is that the defense of want or failure of consideration is not sustained by the evidence. As this was the only defense submitted to the jury, the verdict cannot stand. As we cannot declare the other defenses, not submitted, to be without merit, the result is necessarily a new trial, not judgment absolute.

It is proper to mention the claim of plaintiff that defendants are estopped from defending against the notes. We do not think that the evidence received was sufficient to conclusively show estoppel. This issue is in the case, however, and, if competent evidence is offered thereon at the new trial, it should be received.

Order reversed and new trial granted. No statutory costs will be allowed on this appeal.