STIFTER *v.* HARTMAN.

1. LANDLORD AND TENANT—WRITTEN LEASE—EVIDENCE—PAROL EVIDENCE RULE—EXCEPTIONS.

In an action for rent due under the terms of a lease, parol testimony that defendant was induced to enter into the lease by an agreement on the part of plaintiff to pay one-half of the cost of a stenographer and one-half of the rental of a telephone, *held*, admissible as an exception to the rule that parol testimony is inadmissible to alter or vary the terms of a written lease.

2. SAME—FAILURE OF CONSIDERATION—DIRECTED VERDICT.

Where plaintiff failed to carry out his part of the agreement to pay one-half of the cost of a stenographer and one-half of the rental of a telephone there was such failure of consideration as to justify a directed verdict for defendant.

Error to Wayne; Webster (Arthur), J.   Submitted

October 10, 1923.     (Docket No. 74.)     Decided
November 13, 1923.

Assumpsit in justice's court by Charles J. Stifter
against Joseph Hartman for rent.     There was judg-
ment for plaintiff, and defendant appealed to the
circuit court.     Judgment for defendant on a directed
verdict.     Plaintiff brings error.     Affirmed.

*Harry J. Lippman* (*Ralph W. Liddy*, of counsel), for
appellant.

*Behr & Coolidge*, for appellee.

MOORE, J.     Prior to the 21st day of June A. D.
1920, Charles J. Stifter, the plaintiff, held a lease of a
certain office in a building in Detroit.     He subleased
one-half of this office to the defendant.     This suit
was brought to collect rent from defendant for a
period of four months.     Upon the trial in the circuit
court at the close of the testimony both parties re-
quested a directed verdict.     The trial judge directed
a verdict in favor of the defendant and stated his
reasons for doing so as follows:

"In the month of June, 1920, defendant came to the
plaintiff, Charles J. Stifter, and discussed with him
the rental of a portion of the office space that was then
being occupied by the plaintiff, Stifter, in what is
known as the Holden building at the southwest corner
of Griswold and Grand River avenues, in the city of
Detroit.     At this time they discussed not only this
lease, but they discussed the question of sharing office
expenses.     Mr. Stifter was occupying this office, and
the whole of the office himself, and the proposition
agreed upon between the two of them was, that Mr.
Hartman should pay $75 a month for the rent of the
office—or a half of the office, and in addition, the two
of them would share the cost of a stenographer and
share under the terms of the agreement the telephone
rental.     This agreement regarding the sharing of the

services of the stenographer and sharing the rental of the telephone that is, each one paying half of it, was one of the inducements that led Mr. Hartman to agree to rent the office at $75 a month. In other words, as I view this testimony as it has been introduced here, Mr. Hartman would not have gone in there and rented a half of this office, paying $75 a month for it, unless he could also have been assured that he could get the services of the stenographer, sharing the services with Mr. Stifter and paying only one-half of the cost of the stenographer and been allowed the use of the telephone, and paying only one-half of the real cost of the telephone. This then was an inducement for Mr. Hartman to enter into this lease. It was part of the consideration which induced him to enter into this written contract and being a consideration, and a part of the consideration, when on the first of February, 1922, Mr. Stifter announced to him that he was going to move out of there, and was not going to continue in the office any longer, was not going to share the expense of stenographer, or the expense of the telephone with Mr. Hartman, then this consideration or this inducement which led him to enter into the lease, failed—a part of the consideration for renting this office, failed at that time, and when it failed Mr. Hartman could not be bound to continue to pay the rent as provided in this lease.

"Now that, in substance, is the reason for directing a verdict in this case in favor of the defendant."

The case is brought here by writ of error, and there are several assignments of error discussed by counsel. The important one is, Did the court err in allowing parol testimony as to the agreement when there was a written lease between the parties?

It is urged that parol evidence is not admissible to alter or vary the terms of a written lease, counsel citing *Brandt* v. *Vanderveen*, 213 Mich. 121, and many other cases. Broadly stated, the rule is as urged by counsel, but there are exceptions to the rule as will clearly appear in the following cases: *Wood Mowing & Reaping Mach. Co.* v. *Gaertner*, 55 Mich. 453; *Church*

v. *Case,* 110 Mich. 621; *Smith* v. *Maxey,* 186 Mich. 165; *Stotts* v. *Stotts,* 198 Mich. 617, and many cases cited; *National Security & Trust Co.* v. *Door Check Co.,* 222 Mich. 510, 514; *Shehy* v. *Cunningham,* 25 L. R. A. (N. S.) 1194 (81 Ohio St. 289, 90 N. E. 805).

There is no serious controversy as to the facts. One cannot read the testimony of the plaintiff without reaching the conclusion that had it not been for the agreement that he would have had telephone and stenographic service, the lease would never have been made by the defendant. We think there was such a failure of consideration as to justify the directed verdict.

Having reached this conclusion it is unnecessary to discuss the other assignments of error.

The judgment is affirmed, with costs to the appellee.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.