## ORVILLE E. JOHNSON v. ROY H. BENHAM.[1]

April 17, 1925.

No. 24,592.

**Answer in action on promissory notes demurrable.**

1. An answer is demurrable which admits the execution of the promissory notes sued on and nonpayment, and attempts to state a contemporaneous parol agreement making them due and payable only when a sufficient net profit was produced from the sale of certain lands, but alleges neither mutual mistake in not incorporating the parol agreement into the notes, nor fraud practised by plaintiff, nor inequitable conduct inducing defendant to sign the notes in reliance upon the parol agreement.

**When promissory note cannot be reformed by adding parol agreement which varies its terms.**

2. Where a plain promissory note is executed by one who fully understands its terms and there is neither mutual mistake, nor mistake by the maker and deception by the payee, nor fraud, there can be no reformation by the incorporation of a parol agreement which varies or contradicts the terms of the note.

1. See Reformation of Instruments, 34 Cyc. p. 974.
2. See Reformation of Instruments, 34 Cyc. pp. 907, 915, 920.

Action in the district court for Hennepin county to recover on promissory notes. From an order, Leary, J., sustaining plaintiff's demurrer to the amended answer, defendant appealed. Affirmed.

*George T. Simpson*, for appellant.

*Charles F. Keyes*, for respondent.

HOLT, J.

The suit is on two promissory notes. A demurrer to the answer was sustained and defendant appeals.

The answer admitted the signing and delivery of the notes, and that no part had been paid, although payment had been demanded. Then, by way of defense, it is alleged that the notes were signed

[1] Reported in 203 N. W. 444.

and left with plaintiff in connection with the liquidation of a business transaction in which plaintiff and defendant should endeavor to sell certain lands at a profit, deducting carrying charges and selling expenses, and in event there were cash profits from the transaction then the notes should become due and payable at their due date therefrom, but, if such profits did not exist at the due date of the notes, then payment would not be demanded by plaintiff until profits did exist, that if it should be ultimately determined that defendant was indebted to plaintiff in any sum whatever defendant's entire liability should not in any event exceed the amount "stated in certain notes then signed by the defendant" of which are the notes in suit. It is alleged that the parties had been engaged in the business enterprise and otherwise for some time prior to the signing of the notes and their relations had always been of a cordial and confidential nature, that defendant had had special trust and confidence in plaintiff's promise and agreement, and trusting and relying thereon defendant neglected and failed to cause to be placed in said notes the agreement above stated. It is also averred that defendant in good faith attempted to sell the land at a profit and has continued to so do, but at the date of answering there are no profits, and defendant believes there will be no profits for a long time to come. The prayer is for a reformation of the notes to conform to the agreement.

Passing the question whether the pleader has set out an agreement of sufficient definiteness and certainty to be incorporated in the instruments asked to be reformed, we are confronted with the . proposition that there are no allegations that defendant did not know what he was signing when the notes were executed, or that the parties labored under a mutual mistake, or that plaintiff practised any fraud or deception on defendant, or that plaintiff in any way took advantage of the supposed confidence and trust defendant reposed in him. There are no allegations that defendant did not know that the two instruments he signed and delivered were promissory notes, or that they were intended to be other than such notes for the amounts and payable as therein stated. It is not alleged

that the parties meant to incorporate any other conditions or agreements in the notes than as executed.

At most the allegations of the answer go to this extent, that in the giving of the promissory notes there was a contemporaneous parol agreement that they should not be paid according to their terms, but only as a special fund could be raised out of the net profits from the sale of lands not specified or described. There is not a suggestion that this so-called parol agreement was not reduced to writing at plaintiff's instance. Without considering the effect of the alleged agreement upon the notes, we think the answer fails to state facts justifying their reformation. "Before a court of equity will interfere to reform a written instrument it must appear * * * that there was in fact a valid agreement sufficiently expressing in terms the real intention of the parties; that there was in fact a written contract which failed to express such true intention; and that this failure was due to mutual mistake, or to mistake of one side and fraud or inequitable conduct of the other." Fritz v. Fritz, 94 Minn. 264, 102 N. W. 705. We think these necessary facts must be alleged as well as proved in order to have reformation granted.

But there is another reason why the demurrer was properly sustained. As stated, defendant knew he executed promissory notes for specific amounts, due and payable on a certain day. He now seeks to incorporate by parol evidence conditions absolutely contrary to and destructive of the instruments he, without a suggestion or inducement from plaintiff, signed with open eyes. It is as stated in Brintnall v. Briggs, 87 Iowa, 538, 540, 54 N. W. 531, "a plain case of seeking to add a verbal stipulation to a written contract which alters its meaning and purpose in a material respect," and a demurrer to the pleading was there sustained. To the same effect is American Fruit Product Co. v. Barrett & Barrett, 113 Minn. 22, 128 N. W. 1010, where there was a written contract, not perhaps as simple and easily understood as a promissory note, signed by one of the parties with full knowledge of its terms upon a contemporaneous verbal assurance that the contract would not be enforced as written, the court saying: "Under such circumstances it seems

quite clear that reformation cannot be had," and citing authorities.

We cannot follow appellant when he claims that the fact that plaintiff brought this lawsuit, when pursuant to the oral agreement the notes were not due, shows fraud enough to sustain the pleading. Coal & Iron Co. v. Willing, 180 Pa. St. 165, 36 Atl. 737, 57 Am. St. 626, is cited in support. But there the defense was that the instruments were obtained under the influence of a contemporaneous agreement, violated as soon as it had accomplished its purpose of securing the paper. In Hawkes v. Lackey, 207 Mass. 424, 93 N. E. 828, the master reported facts indicative of fraud, by one standing in fiduciary relation to those wronged. There are no facts alleged in this answer of any influence either exerted or attempted by plaintiff to induce defendant into giving the notes because of the alleged parol agreement. The general statement of confidential relations existing between the parties cannot have much meaning without some averment of facts showing how plaintiff used the same to the detriment of defendant. The learned trial court ruled correctly.

The order is affirmed.