## FRED WILSON v. MARY A. BISHOP AND ANOTHER.[1]

May 21, 1926.

No. 25,329.

**Refusal to reform lease sustained.**
1. The finding that there was no mistake in failing to incorporate certain agreements in a lease is sustained by the evidence and there was no error in refusing a reformation.

**Evidence did not require specified findings.**
2. The evidence did not require a finding that there was such a failure of consideration, or such a breach of a condition, because of a failure to perform certain agreements relative to putting the leased premises in condition for occupancy, that liability for rent did not attach, or that a right of rescission arose.

Landlord and Tenant, 35 C. J. p. 1173 n. 45, 46; 36 C. J. p. 444 n. 39. Reformation of Instruments, 34 Cyc. p. 987 n. 36.

Action in the district court for Ramsey county to reform a lease. The case was tried before Bechhoefer, J., who denied reformation and gave defendant lessor judgment for rent. Plaintiff appealed. Affirmed.

*Harris Richardson*, for appellant.

*O'Brien, Horn & Stringer*, for respondents.

DIBELL, J

Action by the lessee to reform a lease. The court refused to decree a reformation and gave the defendant lessor judgment for rent. The plaintiff appeals.

1. On September 23, 1924, the plaintiff entered into a written lease of an upper duplex in St. Paul from October 1, 1924, until September 30, 1925. The property was owned by the defendant Mary A. Bishop and the defendant Knox Reeves was her agent. It was described in the lease as "upstairs duplex, together with all the appurtenances thereof," at a designated street number.

[1]Reported in 209 N. W. 15.

It was the purpose of the defendant to move his family into the flat the following Saturday, September 27. Saturday was the only day when he was unemployed so he could move. The defendant agreed to clean and redecorate the rooms, install a gas range and to do many other things to make the flat habitable and satisfactory. This agreement was not incorporated in the lease. The court finds that the parties knew what was in the lease, and that none of the agreements not included were omitted by mistake of the parties or of the scrivener nor by fraud. The finding is sustained. The lease expressed the intent of the parties as to the terms of the occupancy. There was no ground for reforming it. Johnson v. Benham, 163 Minn. 31, 203 N. W. 444; Fritz v. Fritz, 94 Minn. 264, 102 N. W. 705. They left out nothing by mistake.

2. We might be inclined to accept the plaintiff's theory that he can defend against the claim for rent upon the ground of failure of consideration, or a breach of condition justifying a rescission, if the findings and evidence furnished a basis for it. The trial court declined to find that there was a promise by Reeves to complete what he agreed to do by September 27, when the plaintiff had leave to take possession, or even by October 1, when the term of the lease commenced. The evidence did not require it to find so. Without offending the rule against the use of parol evidence to vary a contract, and without the necessity of reforming the lease, the agreements as to putting the premises in condition for occupancy might be a consideration, perhaps for the lease, the failure of which would prevent liability under it attaching, or a condition to its becoming effective. See Backus v. Sternberg, 59 Minn. 403, 61 N. W. 335; Rea v. Algren, 104 Minn. 316, 116 N. W. 580, 124 Am. St. 627; Julius Kessler & Co. v. Parelius, 107 Minn. 224, 119 N. W. 1069, 131 Am. St. 459; Papanastos v. Heller, 227 Mass. 74, 116 N. E. 732; Stifter v. Hartman, 225 Mich. 101, 195 N. W. 673. There is no finding that the facts were so. The evidence did not require such a finding. There were numerous things to be done. The evidence did not require a finding that everything was to be finished at a specific date. Reeves says that he agreed to have them done as soon

as he could.   The evidence did not require a finding that the premises could not be occupied on Saturday, September 27.   There is evidence that the range was installed on that day; and it could be found that the flat was then habitable, although most of the things which Reeves agreed to do had not been done.   Altogether the evidence was not such as to require a finding of a failure of consideration or breach of condition.

On September 26, the plaintiff by letter to Reeves assumed to cancel the lease for nonperformance of the defendant's agreements. The evidence does not require a finding that he had the right to do so as for a failure of consideration or the breach of a condition.

Judgment affirmed.