INTERNATIONAL TRUST COMPANY *vs.* FRANK M. WATTENDORF.

Suffolk.   March 4, 5, 1926. — June 4, 1926.

Present: CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Bills and Notes,* Consideration.   *Trust Company,* Officers and agents.

The president of a trust company, which had funds invested illegally, had procured notes of a director to take the place in the company's assets of such investment, assuring him that he would not be called upon to pay the notes. Upon that director's withdrawing from the company, the president returned his notes to him and asked another director to give his note in place thereof, and the second director did so, not knowing that the former director's notes had any connection with illegal investments nor that such investments had been made. Later the business of the trust company was taken over by the commissioner of banks, who in a year and a half permitted it to resume business, and subsequently its assets were transferred to another trust company. The second director's note, at all times after it was delivered to the president, remained a part of the assets of the trust company. In an action by the second trust company upon the second director's note, it was *held,* that

(1) The note was not an accommodation note;

(2) Owing to the relation of the defendant to the trust company as stockholder and director, there was a good consideration for the note.

CONTRACT against the maker of a negotiable promissory note. Writ dated November 2, 1922.

In the Superior Court the action was heard by *Green-*

*halge,* J., without a jury. Material facts are stated in the opinion. The judge ruled that the defendant was an accommodation indorser, found for the defendant and reported the action to this court for determination with a stipulation that, if his rulings and failure to rule were right, the verdict should stand; otherwise, the verdict was to be set aside and a new trial granted.

*S. L. Bailen,* for the plaintiff.

*C. A. Warren,* for the defendant.

CARROLL, J. This is an action on a promissory note, of which the defendant is the maker, payable on demand to the Old South Trust Company. The president of the Old South Trust Company had invested a portion of its funds in stock of the Massachusetts Electrics securities, which were not a proper investment for trust companies. One Levine, a director of the trust company, at the request of the president, gave his notes to the bank to take the place of the securities, upon being assured he would not be called upon to pay the notes. Subsequently he withdrew from the board of directors and his notes were returned. Later, the president of the trust company requested the defendant, who was at the time a director of the Old South Trust Company and a member of the finance committee, to sign a note for the aggregate amount of the Levine notes, explaining that he had returned the notes to Levine, and "must replace them in the assets of the trust company." He told the defendant the note was for the accommodation of the trust company; that he would not be called upon to pay it or to pay interest thereon. The defendant signed the note, but was not "then aware of the purchase of the Massachusetts Electrics stock or that the Levine notes had any connection with that transaction." The defendant paid no interest.

The business of the trust company was suspended by the bank commissioner December 18, 1919. It resumed business in July, 1920. In March, 1921, its assets, including the note in question, were transferred to the plaintiff. The judge found that the defendant knew, or, in the exercise of ordinary diligence as a director and member of the finance committee, might have known that his note was held out as an asset of

the trust company, and was considered as such when the bank commissioner "permitted the trust company to resume business."

Although the defendant did not know of the purchase of the Massachusetts Electrics stock, he did know that his note was carried as a part of the assets of the trust company, that the trust company was using the note as such, and so held it out to the public and to its customers. He was a director and must have owned at least ten shares of the trust company's stock. G. L. c. 172, § 14. He might be exposed to a liability as a director, and as a stockholder he might be liable under the statute. G. L. c. 172, § 24. He was therefore interested in the prosperity of the trust company. The value of his stock depended on its success. It was to his advantage that it should make a good showing, and it was for his benefit that it should not suspend, but should continue to operate. Its suspension might mean, not only the loss of his security, but also that he might be liable as a director and as a stockholder.

The promise of the defendant to pay the trust company was not without consideration. It was not a mere promise to do what he was already bound to do or to perform a promise already made. His note in the hands of the trust company was a part of its assets, by which his own stock might be more valuable, and the liability imposed upon him as a director and stockholder might be prevented or delayed. The judge found as a fact that this note was held out as one of the assets of the bank and was considered as such by the bank commissioner when he allowed the trust company to resume business. The defendant's note, therefore, was not an accommodation note lacking consideration. The case is governed by *Prudential Trust Co.* v. *Moore*, 245 Mass. 311, where it was said at pages 315, 316, " . . . the defendants had not only a financial interest as stockholders in maintaining the solvency of the bank, but as directors they were under legal responsibility akin to that of trustees. . . . As to the notes in suit, manifestly there was consideration given for them by the bank when it discounted them." *Union Bank of Brooklyn* v. *Sullivan*, 214 N. Y. 332. *New* v. *Page*, 144

Md. 606.   *Cedar State Bank* v. *Olson*, 116 Kans. 320.   *Interstate Trust & Banking Co.* v. *Irwin*, 138 La. 325.   *New England Fire Ins. Co.* v. *Haynes*, 71 Vt. 306.   *Skagit State Bank* v. *Moody*, 86 Wash. 286.   *State Lattanner* v. *Hills*, 94 Ohio St. 171; L. R. A. 1917 B, 684.   See *Allen* v. *First National Bank*, 127 Penn. St. 51.   In some of these cases the rights of creditors were involved.   This fact, however, does not distinguish them from the case at bar.   In some of the cases it has been held that the fraud of the director in giving the trust company an appearance of solvency, by permitting his note to be used as an asset of the bank, estopped him from denying liability when sued upon the note. As we have said, there was a consideration for the note and the plaintiff can recover.

We have not thought it necessary to consider the rights of the parties even if it be assumed that the defendant was an accommodation maker without receiving value.   G. L. c. 107, § 52.   *Sears* v. *Moore*, 171 Mass. 514.   See 39 Harv. Law Rev. 893.

Verdict set aside.   New trial granted.

*So ordered.*