## BOOKSTEIN v. DRAGUNAITIS.

1. EVIDENCE — LANDLORD AND TENANT — WRITTEN LEASE — PAROL TESTIMONY INADMISSIBLE.

 In an action by the lessees for damages for the breach of a written lease of a store building, testimony that at the time the lease was executed lessees were informed of a pending suit which might affect lessors' ownership and control of the building, and that they decided to take a chance, was inadmissible as tending to vary the terms of a written instrument.

2. LANDLORD AND TENANT—EVICTION—WHAT CONSTITUTES EVICTION.

 Where lessees of a store building, before expiration of their lease, were notified to move and possession was demanded by one who had been decreed by the court entitled to possession, they were to all intents and purposes evicted, although they finally purchased the building from him rather than move.

3. SAME—EVICTION—DIRECTED VERDICT.

 In an action by the lessees for damages for the breach of a written lease, where the evidence showed that they were wrongfully ejected, the trial court properly directed a verdict in their favor, leaving the amount of the damages to be fixed by the jury.

4. SAME—BREACH OF LEASE—DAMAGES.

 Where, in an action for damages for the breach of a lease for three years with the privilege of two years additional, the tenants were wrongfully ejected before expiration of the three years, the amount of their damages is to be measured by the difference in the rental value for the unexpired portion of the full leased term of five years and the rental provided in the written lease.

Error to Wayne; Shepherd (Frank), J., presiding.

[1]Evidence, 22 C. J. § 1500; [2]Landlord and Tenant, 36 C. J. § 1003; [3]Id., 36 C. J. § 1018; 7 A. L. R. 1105; 16 R. C. L. 696; 3 R. C. L. Supp. 595; [4]Id., 36 C. J. § 1030.

Submitted April 27, 1927. (Docket No. 31.) Decided June 6, 1927.

Assumpsit by Hyman Bookstein and another against Boleslaw Dragunaitis and another for breach of a lease. Judgment for plaintiffs. Defendants bring error. Affirmed.

*Harry J. Lippman* (*Ernest W. Ver Wiebe,* of counsel), for appellants.

*Beckenstein & Wienner,* for appellees.

SNOW, J. This action grows out of the claimed breach of a written lease of a store building on Joseph Campau avenue in the city of Hamtramck by plaintiffs from defendants. The lease, dated November 1, 1921, was for a term of three years with the privilege of two years additional. The building was to be used and occupied by plaintiffs as a retail furniture and hardware store, and they were given the privilege of making certain alterations, improvements, and repairs to the premises from time to time in accord with the needs of the establishment, and at their own expense. The rent was $150 per month for 36 months, and thereafter $155 per month. Under this lease plaintiffs went into possession, made extensive alterations and improvements, and continued in occupancy until, as they claim, they were in effect evicted.

The eviction came about in this manner: At the time of the execution of the lease, there was pending in the circuit court, in chancery, an action against the lessors by one Louis Wisper, who was seeking specific performance of an executory contract of sale which would make him and not the defendants the owner of the premises. No mention of this suit or the claim of Wisper was made in the written lease, and plain-

tiffs say they never heard of it until after Wisper had succeeded in his case and had been decreed the owner of the property. The notice then came to them in the form of a letter, dated June 11, 1923, signed by Wisper's attorneys, advising plaintiffs of the terms of the decree and notifying them—

"that Mr. Wisper will not recognize your tenancy at the above address and you are further advised to yield and deliver up the premises to Mr. Wisper at once in the same condition as when taken."

Plaintiffs thereupon sought other quarters, and, being unable to find them, bought the leased premises from Mr. Wisper for $32,000 and erected thereon a new brick business block which they continued to occupy for their business.

Plaintiffs, claiming on the part of defendants a breach of the lease contract which brought about their eviction and resultant damage, instituted this action, had judgment in the sum of $3,705, and defendants bring error.

1. It is defendants' claim that when the lease was executed plaintiffs were fully informed of the pending suit with Wisper, and were told by defendants that they would be unable to rent the store to them unless they were willing to take their chances of keeping possession; that their attorney fully advised plaintiffs concerning the facts of the case and how long it would probably be before reached for trial. One of the plaintiffs then said:

"I have got to move. I like this place and if I can stay there a year and a half or two years before this suit is tried I will take my chance to move in."

Offer to make proof of this claim was made by defendants, and, upon objection, rejected as tending to vary the terms of the written lease. Error is assigned upon this ruling, counsel relying upon *Stifter* v. *Hart-*

*man*, 225 Mich. 101, for authority. In that case the lessee rented half of an office from the occupant for $75 per month, and the parol testimony offered was that the lease was made upon condition that they should share the cost of a stenographer and the telephone rental, which agreement was not contained in the writing. This was the inducement for renting the office, and we held that the right to prove it was an exception to the general rule that parol testimony is inadmissible to alter or vary the terms of a written lease. But this is not the instant case. Here the lease provided unconditionally for a period of time that the premises were to be held. The consideration for the holding was the rents and covenants specified. If the duration of the lease was to be conditional, the conditions should have been specified in the writing. Failure to do so renders proof thereon inadmissible. The facts in *Wolf* v. *Megantz*, 184 Mich. 452 (Ann. Cas. 1916D, 1146), are very similar to those in the instant case. There, testimony to the effect that one party to a lease was advised by the other of the pendency of a case involving the leased property was held incompetent as tending to vary the terms of the written lease. We think the court properly rejected defendants' offer of proof. *Miller* v. *Smith*, 140 Mich. 524; *Smith* v. *Mathis*, 174 Mich. 262; *In re Johnson's Estate*, 177 Mich. 500.

2. Defendants next contend that the notice from Wisper to plaintiffs that he was the owner of the property, his demand for its possession, and its subsequent sale to plaintiffs, did not amount to an eviction, and that consequently no right of action has accrued against them as lessors. After Wisper was decreed to be the owner, the lease from defendants afforded plaintiffs no protection; Wisper, being the owner, was entitled to possession; he ordered them out; they tried to get another location, and failing, were compelled to buy the store in order to remain.

Clearly this amounts for all intents and purposes to an actual eviction.   16 R. C. L. p. 950; 7 R. C. L. p. 1149; 36 C. J. p. 273; 17 L. R. A. (N. S.) p. 1182, note; *Grove* v. *Youell,* 110 Mich. 285 (33 L. R. A. 297) ; *Bamlett Realty Co.* v. *Doff,* 183 Mich. 694.

3. The trial court directed a verdict for the plaintiffs.   As they were wrongfully ejected from the leasehold, the instruction was proper.   The only question remaining, then, is as to the amount of damages.   It is to be measured by the difference in the rental value for the unexpired portion of the full leased term of five years and the rental provided in the written lease.   It does not matter that plaintiffs own the property and in effect are paying rent to themselves, for it costs them as much to occupy a building they own as it would to rent an identical one from some one else.

The court charged:

"Two witnesses have testified as to the rental value of those premises after the plaintiff was put out.   One says that they are worth $275 per month or more, but the computation has been made at $275, which, if you agree with him, would entitle the plaintiff to a verdict of $4,680.   The second witness as to values swore that the rental value was less, that it was $250 a month, which is $95 a month more than the lease provided for, and therefore the loss would be $95 a month for 39 months, which would amount to $3,705, if I have figured the matter correctly.

"The burden of proof is upon the plaintiff in regard to the amount of damages.   Your verdict will be for the plaintiff, but when there is a question as to the amount of damages the defendant must be given the preference unless the plaintiff has produced testimony more convincing than that of the defendant.   In regard to that you are to consider the reasonableness of the story, the experience of the witnesses, the opportunities they have had for observation and everything that any experienced person uses in his own mind in determining as to the probability of the story that is told by any one."

This instruction is supported by competent evidence of experts who testified upon the subject. It is unnecessary to discuss other assignments.

The judgment is affirmed, with costs to plaintiffs.

SHARPE, C. J., and BIRD, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.