SHARRAR *v.* WAYNE SAVINGS ASS'N.

1. EVIDENCE—PAROL EVIDENCE RULE—EXCEPTION TO RULE.
    Parol evidence was admissible to show that the salesmen specifically agreed with subscribers to stock in a savings and loan association that if the quota was not subscribed the plan would be abandoned and their money returned to them, and that their subscriptions would not be effective until the specified amount was sold.

2. CONTRACTS—COLLATERAL ORAL CONTRACT MAY BE PROVED BY PAROL.
    An agreement that a contract shall have no binding effect until the fulfillment of a condition or the happening of a contingency may be proved by parol and is enforceable.

3. EVIDENCE—PAROL EVIDENCE ADMISSIBLE TO SHOW THAT COLLATERAL AGREEMENT WAS INDUCING CAUSE.
    Parol evidence that salesmen soliciting membership and subscriptions to stock in a savings and loan association represented that a branch would be established in the local community was admissible for the purpose of showing that said collateral agreement was the inducement for the written membership contract and constituted part of the consideration.

4. CONTRACTS—BREACH—PARTIAL FAILURE OF CONSIDERATION.
    Breach of a collateral oral agreement which was the inducement for a written contract constitutes partial failure of consideration.

5. BUILDING AND LOAN ASSOCIATIONS—CONTRACTS—BREACH—FAILURE OF CONSIDERATION—RESCISSION.
    Breach of a collateral oral agreement to establish a branch in the local community, which was the controlling inducement to subscriptions to stock and written membership contracts in a savings and loan association, constitutes a substantial failure of consideration and justifies rescission.

6. SAME—ASSOCIATION BOUND BY REPRESENTATIONS OF WHICH IT HAD NOTICE—CORPORATE RECORD NOT NECESSARY.
    Where, at the time a savings and loan association accepted subscriptions to stock and applications for membership, it had

On the general rule that parol evidence not admissible to vary, add to, or alter a written instrument, see annotation in 17 L. R. A. 270.

knowledge through its secretary and directors that they had been obtained by its salesmen by reason of certain representations, such knowledge need not be made a matter of corporate record to be binding upon it.

7. SAME—PROMISES BY AGENTS VARYING PRINTED APPLICATION BINDING WHERE ASSOCIATION HAD KNOWLEDGE AND APPROVED THEREOF.
   Promises and statements of salesmen to subscribers for stock in a savings and loan association, made known to its secretary and approved by him to a representative of the subscribers before their applications were accepted, are binding upon it, although the printed application contained a clause stating that no one had power to change or alter its terms.

8. SAME—ASSIGNMENTS OF CLAIMS—APPLICABLE LAW.
   Assignments of claims for the recovery of membership fees in a savings and loan association upon rescission of membership contracts are governed by the general law of assignments rather than by the association's by-laws governing transfers of continuing memberships.

9. SAME—VOLUNTARY CONDUCT BY AGENT NOT PERFORMANCE BY PRINCIPAL.
   The voluntary conduct of a branch office by the agent of a savings and loan association after it had abandoned the project may not be considered a performance by it of its promise to maintain the branch.

10. SAME—PERFORMANCE—CONSIDERATION—BREACH OF CONTRACT.
    That the secretary of State ordered a savings and loan association to confine its business to its home county, thus forcing it to discontinue a branch office in another county, did not discharge its obligation to maintain the branch office and vest in it a right to retain money paid in consideration of its maintaining such branch.

Error to Wayne; Houghton (Samuel G.), J., presiding. Submitted January 18, 1929. (Docket No. 31, Calendar No. 33,986.) Decided March 29, 1929.

Assumpsit by Ruby L. Sharrar against the Wayne Savings Association to recover membership fees assigned to her by certain subscribers to stock on the rescission of their membership contracts. Judg-

ment for plaintiff.   Defendant brings error.   Reversed.

*Fred L. Warner,* for appellant.

*Charles H. Goggin,* for appellee.

FEAD, J.   In 1925, Wayne Savings Association, having established branches in several cities outside of Wayne county, sent a corps of salesmen to Alma to sell stock, with the purpose of locating a branch office in that city.   Quarters were rented from plaintiff's husband and an office opened under plaintiff's charge.   The association paid rent only for June and July, but plaintiff voluntarily kept the office in operation until May, 1926, the association later paying her $6.20 for her services.   The salesmen secured $140,000 of subscriptions.   On July 28th the secretary of State ordered the association to confine its business to Wayne county, and no further subscriptions were taken at Alma.

The subscriptions were on written application. The salesmen gave a receipt for money paid, forwarded the application to the association, and the latter sent the subscriber a membership certificate, passbook and signature or identification card.   The subscriber paid a sum as membership fee, which went into the general expense fund.   He also made "deposits," which constituted the investment account.

Shortly after the secretary of State made his order, most of the subscribers ceased making deposits and withdrew what they had made; others continued paying for various periods until May, 1926.   All except one withdrew all their deposits. The membership fees, however, were not returned to them.   In June, 1926, 37 subscribers assigned

their claims to plaintiff, she tendered to the association their certificates and other indicia of membership, and demanded return of the membership fees, which was refused, and this suit was commenced to recover such fees. Afterward, a receiver was appointed for the association and made a party to the suit. The issues were submitted to jury, which returned a detailed verdict in favor of plaintiff, allowing the claim of each subscriber in full. Motions for verdict *non obstante veredicto* and for new trial were denied and defendant brought error.

The branch plan, as explained generally to subscribers by the salesmen, required a minimum of $300,000 of stock and included a local office for the receipt and withdrawal of deposits and negotiation of loans, a local manager, attorney, appraiser, local representative on the board of directors of the association, and the use of local moneys for local loans as far as practicable.

Plaintiff's claim was that all the subscriptions were taken upon an oral condition precedent that $300,000 of stock be subscribed or/and the local branch established or the subscriptions would not be effective. The court submitted this claim to the jury as the basis of liability. Defendant contended that oral evidence was incompetent to vary the terms of the written subscription contracts, and that, if competent, condition precedent was not proved as to many of the subscribers.

Several subscribers testified that the salesmen specifically agreed with them that if the quota of stock was not subscribed, the plan would be abandoned, their money returned to them, and their subscriptions would not be effective until such amount was sold. This presents a well-recognized exception to the parol evidence rule. An agreement that a contract shall have no binding effect until the

fulfillment of a condition or the happening of a contingency may be proved by parol and is enforceable. *Rothstein* v. *Weeks,* 224 Mich. 548; *Cleveland Refining Co.* v. *Dunning,* 115 Mich. 238; *Ada Dairy Association* v. *Mears,* 123 Mich. 470; 22 C. J. pp. 1149, 1213.

The others did not claim such an agreement. Some said that the salesmen explained the branch plan to them, represented, as inducement to subscription, that it would be established and they were induced by such promises to subscribe. Plaintiff claims this oral evidence was admissible as showing a collateral agreement which was the inducement for the written contract of membership and constituted part of its consideration. The evidence was competent for that purpose. *Clare County Savings Bank* v. *Featherly,* 173 Mich. 292; *Wood Mowing & Reaping Machine Co.* v. *Gaertner,* 55 Mich. 453; *Dodder* v. *Snyder,* 110 Mich. 69; *Stotts* v. *Stotts,* 198 Mich. 605; 17 L. R. A. 274, note. Breach of the collateral agreement would constitute partial failure of consideration. *Stifter* v. *Hartman,* 225 Mich. 101. In some cases, under the evidence, the establishment of the branch constituted a controlling inducement for the subscription, and breach of the agreement, therefore, would be a substantial failure of consideration. Substantial failure of consideration justifies rescission. 13 C. J. p. 612.

Other subscribers did not give proof either of condition precedent or inducement and failure of consideration, and no theory has been suggested upon which they could recover.

The other questions raised need no extended discussion. The testimony was undisputed that the salesmen had authority to make the claimed agreements and representations and the association accepted the applications with knowledge of them by its secretary and directors. Such knowledge need

not be made a matter of corporate record. While a few of the early applications contained the clause,—

"No person has authority or power to change or alter the terms of this application or to bind the association by any statement not contained therein,"

—the promises and statements of the salesmen were made known to the secretary of the association and approved by him to a representative of the subscribers before the applications were accepted. The assignments to plaintiff were not transfers of continuing memberships, governed by the association's by-laws, but of claims against the association upon rescission of membership, and are controlled by the general law of assignments. The voluntary conduct of the office by Mrs. Sharrar, after the association had abandoned the project, cannot be considered a performance by it of a promise to maintain the branch. The action of the secretary of State could not both discharge the association of its obligation to maintain a branch office and vest in it the right to retain moneys paid in consideration of its maintenance of such office. The testimony strongly indicates that some of the subscribers are precluded from claiming rescission because of delay or ratification. In some instances, fair jury questions are raised. In others, it may be a question of law. As a new trial is to be had, the specific instances need not be discussed.

The judgment is reversed and new trial ordered, with costs to defendant.

FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred. NORTH, C. J., did not sit.