# MARKVILLE STATE BANK v. HENRY L. STEINBRING AND ANOTHER.[1]

January 17, 1930.

No. 27,540.

[1]Reported in 228 N. W. 757.

*W. O. Bissonett,* for appellant.

*S. G. L. Roberts,* for respondent.

OLSEN, C.

Appeal by defendant Henry L. Steinbring, hereinafter referred to as the defendant, from an order denying his motion for a new trial.

Plaintiff is a small bank, capitalized at $10,000, and the only one located in the small village of Markville. Defendant was a stockholder and director of the bank, and so continued until December, 1927. One E. T. Hogan was a director and president of the bank. On December 9, 1922, the bank was closed as insolvent and was taken over by the superintendent of banks. At the time the bank was closed defendant was liable as guarantor on paper of the bank to one K. Neutson and to the War Finance Corporation to the extent of some $9,500, in addition to his constitutional liability to creditors as a stockholder. E. T. Hogan and others instituted proceedings for the reopening of the bank. Application was made to the superintendent of banks for that purpose. He required, as conditions for the reopening, that some $12,000 of poor or worthless paper be charged off and removed from the listed assets of the bank and replaced by good paper or securities, and that in addition thereto $10,000 in cash be obtained and paid in to the bank. At the time the bank closed it had only about $300 cash on hand. The directors and stockholders were solicited to come to the aid of the bank and contribute notes, securities and cash, as assets of the bank, sufficient to cover the requirements of the superintendent for such reopening. Notes and securities to the amount of some $7,750 were so obtained and cash to the amount of about $14,000. The bank was then permitted to and did reopen on March 10, 1923, and continued in business until after this action was commenced in June, 1928. Defendant was solicited by E. T. Hogan to aid the bank in reopening and agreed to and did give to the bank a note, secured by a real estate mortgage, in the amount of $1,500 for that purpose, which is the note upon which this action was brought. The note

was dated February 2, 1923, and was payable on or before three years after date. The note was placed in the bank, listed as one of its good assets, and has ever since so remained. It was part of the notes and securities required to be placed in the bank by the superintendent as a condition to reopening and on the strength of which the bank was permitted to reopen.

Defendant as a director of the bank took part in the reorganization. He participated in a directors' meeting on December 20, 1922, at which the directors asked the superintendent to grant time for the bank to raise sufficient funds to reopen. He participated in a directors' meeting on March 7, 1923, in the minutes of which it is recited that $14,000 in cash and $7,750 in good securities had been placed in the bank to take care of losses charged off and to provide a proper reserve. At that meeting he was appointed as a member of the discount committee and as a member and chairman of the examining committee. The directors thereupon ordered the bank to reopen on March 10, 1923, pursuant to instructions from the banking department. The $7,750 good securities so placed in the bank included the defendant's note and mortgage for $1,500. Thereafter, in 1923 and 1924, defendant as a director of the bank attested three called reports to the banking department showing the condition of the bank. The amounts listed as loans and discounts in these reports included defendant's note in this suit.

The defense interposed is in substance that the note was without consideration and was given at the request and solely for the accommodation of the bank. It is further alleged that the bank agreed at the time the note was given to return it to defendant after the expiration of three years. The evidence shows that at the time the note was given E. T. Hogan gave to defendant a written receipt, wherein it was stated that the note and mortgage accompanying same were to be used by the bank for a period of three years, but that in case the bank failed to reopen on or before February 15, 1923, the note and mortgage were to be returned to defendant. On March 8, 1923, a second receipt, signed "Markville State Bank, by E. T. Hogan, Prest." was given to defendant by Hogan, wherein

receipt of the mortgage was acknowledged and it was stated that "same to be satisfied and returned to you as soon as the Bank can be put in shape to do so." Defendant relies upon statements made by Hogan at the time the note was given and upon these receipts. The receipts were not attached to the note or mortgage and were not part of any of the bank's papers or records.

■ There was a sufficient consideration for the note. Defendant was a stockholder and director of the bank and interested in keeping it going. He was interested in having it reopened and continued in business so as to presumably relieve him from liability on his guaranties of debts of the bank and to defer or avoid any claim against him on his stockholder's liability. The evidence as to consideration here was much stronger than the evidence held sufficient in Galbraith v. Clark, 138 Minn. 255, 164 N. W. 902. For further authorities see Albert Lea College v. Brown, 88 Minn. 524, 93 N. W. 672, 60 L. R. A. 870; McDonald Brothers Co. v. Koltes, 155 Minn. 24, 192 N. W. 109; First Nat. Bank v. Pacific Elev. Co. 159 Minn. 94, 198 N. W. 304; Healy-Owen-Hartzell Co. v. Montevideo F. & M. Elev. Co. 165 Minn. 330, 206 N. W. 646, 44 A. L. R. 1238; Bohning v. Caldwell (C. C. A.) 10 F. (2d) 298; Union Bank v. Sullivan, 214 N. Y. 332, 108 N. E. 558; Hills Sav. Bank v. Hirt, 204 Iowa, 940, 216 N. W. 281; International Trust Co. v. Wattendorf, 256 Mass. 323, 152 N. E. 306.

The note therefore was not an accommodation note. G. S. 1923 (2 Mason, 1927) § 7072. Not being an accommodation note, the defendant could not vary the terms thereof by proof of a contemporaneous oral agreement. Johnson v. Benham, 163 Minn. 31, 203 N. W. 444.

■ As to the effect of the two written receipts given to defendant by the president of the bank, the note being given to the bank for a valuable and sufficient consideration, the rule applies that an officer of a bank has not by virtue of his office authority to give away or release property of the bank, nor to make such an agreement with the maker or indorser of commercial paper given to the bank for a valuable consideration. Atwater v. Smith, 73 Minn. 507, 76 N. W. 253; Central State Bank v. Hanson, 158 Minn. 269, 197 N. W. 283;

Breyfogle v. Walsh (C. C.) 71 F. 898; Rogers v. First State Bank, 79 Colo. 84, 243 P. 637; German Am. State Bank v. Watson, 99 Kan. 686, 163 P. 637; State Bank v. Forsyth, 41 Mont. 249, 108 P. 914, 28 L.R.A. (N.S.) 501; First Nat. Bank v. Tisdale, 18 Hun, 151; Id. 84 N. Y. 655; First Nat. Bank v. Baer, 277 Pa. 184, 120 A. 815; Mead v. Pettigrew, 11 S. D. 529, 78 N. W. 945; First Nat. Bank v. Lowther-Kaufman O. & C. Co. 66 W. Va. 505, 66 S. E. 713, 28 L.R.A. (N.S.) 511; Loomis v. Fay, 24 Vt. 240; First Nat. Bank v. Pohland, 188 Wis. 404, 206 N. W. 74.

While in Central State Bank v. Hanson, 158 Minn. 269, 197 N. W. 283, the question was as to the authority of the cashier, who in that case was the chief executive officer of the bank, the president of a bank has no greater authority in that respect.

■ The question of estoppel has not been greatly urged in the arguments. Upon the facts here presented it seems quite clear that defendant is estopped from questioning the validity of this note as an asset of the bank. By taking part in the reopening of the bank as one of its directors, inducing such reopening on the faith of his note, holding it out by his reports to the banking department as a valid asset, and remaining a director for many years, he should now be estopped from questioning the validity of his note. The bank by reopening and continuing in business for many years has so changed its position, on the faith of this and other assets contributed to enable it to reopen and continue in business, that it must be apparent that now to hold this note and other like securities of no value would result in serious loss and injury to the bank. Defendant concedes that as to creditors of the bank in case of insolvency he would be estopped. We think the facts shown here go beyond that and show an estoppel as against the claim of the bank as well.

Defendant's argument is based almost wholly on the theory that this note was an accommodation note and without consideration. As already stated, we agree with the trial court that the note was given for a valuable and sufficient consideration and was therefore not an accommodation note. A discussion of the law as to accommodation paper is thereby rendered unnecessary.

We find no errors in the admission of evidence or in the findings of the court.

Order affirmed.