BEN POULOS ET AL., APPELLEES, V. JACK SKREKAS, APPELLANT.

FILED MAY 15, 1923. No. 22365.

Landlord and Tenant: LEASE: CANCELATION. An unreasonable delay by lessor in performing his agreement to equip a leased room for a confectionery store may justify a court of equity in canceling the lease, notes given in advance by lessees for the purchase price of the equipment, and a chattel mortgage on the equipment to secure the notes, where lessees have not contributed to or waived the delay or taken possession of the leased premises.

APPEAL from the district court for Douglas county: ARTHUR C. WAKELEY, JUDGE. *Affirmed.*

*Martin L. Sugarman,* for appellant.

*Wayne E. Sawtell, contra.*

Heard before MORRISSEY, C. J., ROSE, ALDRICH and GOOD, JJ., BEGLEY, District Judge.

ROSE, J.

This is a suit in equity to cancel a lease for a room to be equipped by lessor and used by lessees for a confectionery store in Omaha, notes aggregating $5,400 given in advance by lessees to lessor for the purchase price of the equipment, and a chattel mortgage on the equipment to secure payment of the notes. Judgment for a cash payment of $600 on the equipment is also sought. Plaintiffs are lessees, and Jack Skrekas, lessor, and his partner are defendants. The lease was dated April 8, 1920, and the room was to be equipped by lessor for business on or before July 1, 1920, but it was not then ready. Defendants admitted the making of the lease, but denied other material allegations of the petition. The trial court upon a full hearing granted the prayer of the petition, and defendants have appealed.

The only question presented is the sufficiency of the evidence to entitle plaintiffs to equitable relief. Lessor did not equip the leased room or have it ready for occupancy on or before July 20, 1920. It was not equipped until September. Plaintiffs never took possession. As

early as October lessor and his partner were using the
leased premises and the equipment to carry on the enter-
prise for which plaintiffs had procured the lease.  It is
shown by a preponderance of the evidence that futile de-
mands for performance were made, that plaintiffs did not
contribute to or waive the delay, and that it was un-
reasonable under the circumstances and kept plaintiffs
out of business during a busy season of the year, while
their notes for the purchase price of the equipment and
their obligations for rents were outstanding.  The trial
court was right in granting equitable relief to plaintiffs.

AFFIRMED.