### Anton Petersen, Appellant, v. Slauf Manufacturing Company, Appellee.

### Gen. No. 32,861.

Heard in the first division of this court for the first district at the June term, 1928. Opinion filed January 21, 1929. Rehearing denied February 4, 1929.

JOHN TAYLOR BOOZ, for appellant.

MAX C. LISS, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This is an appeal by the plaintiff from a judgment of *nil capiat* entered upon the finding of the court. The suit was upon a lease dated May 5, 1927, whereby plaintiff, as lessor, demised to defendant as lessee certain premises described as the second floor of the building known as 420–426 Armour Street, the cottage, yard and shed (except space for one automobile in said shed) known as 418 Armour Street and covered yard space in front of engine room and back of loading space and driveway at 426 Armour Street, for a term beginning August 1, 1927, and ending April 30, 1934. The lease provided that the demised premises should be used for the business of the defendant, which was that of woodturning. It was covenanted and agreed that the party of the second part "has examined and

knows the condition of said premises, and has received said premises in good order and repair, and will keep the same in a clean and neat condition, and . . . will restore said demised premises to the party of the first part in as good condition as when entered upon by the party of the second part; loss occasioned by the burning of the building containing said premises and ordinary wear excepted." The rental for the month of August, 1927, was paid at the time of executing the lease.

Attached to the lease was a typewritten rider, in and by which the lessor agreed to make certain repairs. The defendant thereafter contended (and the proof tends to show) that it was the intention that most of these repairs should be made prior to the time when defendant would have the right to enter into possession of the premises, and further, that these repairs were not made within that time, although plaintiff was notified in writing by defendant to do so, whereupon defendant refused to accept the premises and refused to pay the rent for September. Plaintiff then, under a power contained in the lease, confessed judgment for the rent for September, amounting to $380. On motion of defendant supported by affidavit this judgment was afterwards set aside and a trial upon the merits allowed by the court with the result as heretofore stated.

The defendant has urged here for reversal that no affidavit of merits was filed. The record shows that leave was given to file an affidavit of merits and that the cause was tried by both parties on the theory that the affidavit (in substance the same as that submitted in support of the motion to vacate) had been filed, and such an affidavit *nunc pro tunc* has since been filed by leave of the trial court. The contention of defendant, based upon the theory that no affidavit was filed, is therefore without merit. *People v. Chicago, B. & Q. R. Co.*, 316 Ill. 482.

As heretofore stated, the defense interposed was

that plaintiff had failed to make the repairs as promised in the rider attached to the lease, which were necessary to the enjoyment and use of the premises for the purpose for which they were rented, although plaintiff was often requested and at length notified in writing so to do. The controlling question in the case therefore is whether the defendant had a right to abandon the lease and refuse to take possession of the premises.

The court having found the facts in favor of the defendant (which finding, after an examination of the evidence, we are not able to say was manifestly wrong), the question to be decided narrows itself down to the proposition of whether the failure of a lessor to make repairs as agreed prior to the beginning of the term of a lease constitutes such a violation thereof as will release the lessee from his covenant to pay rent.

The plaintiff contends that the covenant to repair and the covenant to pay rent are independent; that if a lessee agrees to pay rent in consideration of the demise alone and not in consideration of the devise and some other covenant, this is a circumstance tending strongly to establish an independent covenant and the making of the repairs is not a condition precedent to the liability for the payment of the rent, and that if such a covenant is violated the remedy of the lessee is either an action for damages or by recoupment. Such is the general rule as laid down in *Rubens v. Hill,* 213 Ill. 523, and other cases, on all of which plaintiff relies.

In *Rubens v. Hill, supra,* however, it appeared that the lessee actually took possession of and occupied the premises, and in that respect we think the case is distinguishable from the one presented by this record. The opinion in that case recognizes this distinction and quotes the following statement from *Wright v. Lattin,* 38 Ill. 293, with apparent approval:

"If he (the landlord) covenant to repair before the term commences, it may be the tenant might refuse to

enter upon the term until the repairs were made, but having entered upon the term and received possession, he cannot abandon the lease and refuse to pay rent for the breach of any other covenant, except for quiet enjoyment. If the landlord fail to repair according to his covenant, the tenant may recoup the amount from the rent, or may sue upon the covenant.''

The opinion in that case further states:

''In the case at bar, the appellee covenanted to do certain things before the term of the lease began, and, while the appellant might have refused to enter upon the term until those things were done, yet inasmuch as he did enter upon the term and took possession and kept possession until the termination of the lease on October 15, 1902, he cannot refuse to pay rent for the failure of the landlord to do the things, which he agreed to do before the commencement of the term. Appellant, while refusing to pay rent, did not abandon the lease.''

The question of whether a particular covenant in a lease on the part of a landlord to make repairs prior to the beginning of the term is a condition precedent (like any other contract) involves simply a question of determining from the writing and proper evidence which may have been received, what the intention of the parties was. If it was intended it should be a condition precedent, a failure to comply therewith would justify an abandonment of the lease and the rescission of it on the part of the lessee; on the other hand, if it was intended it should not be a condition precedent, then the failure to make the repairs would not justify a rescission of the lease or a refusal to pay the rent. If the repairs to be made are of such a character that the failure to make them would be equivalent to an actual or constructive eviction, then whether the covenant amounts to a condition precedent or not, the authorities are clear that such failure would justify a rescission and abandonment of the lease at the election of the lessee. *Gibbons v. Hoefeld,* 299 Ill. 455.

The principal complaint here is (as shown by the written notice) that plaintiff failed to repair the roof of the demised premises, knowing that the business of woodturning, which defendant was to conduct upon the premises, required the use of kiln-dried lumber and that it would be practically impossible to conduct the business upon the premises in the condition the same were on the first day of August at the beginning of the lease.

We do not think it necessary to decide, however, whether the failure to repair the roof in this respect would amount to a constructive eviction. We think on principle it may be laid down as a general rule that where a landlord demises premises for a known use on the part of the lessee and the lessor and lessee covenant that repairs of a substantial nature shall be made prior to the beginning of the term, it must be held to be the intention of the parties that the provision for repairs shall be construed to be a condition precedent rather than an independent covenant, and that a failure on the part of the lessor to keep such promise will justify an abandonment and rescission of the lease. Such a rule would seem to be very reasonable where, as here, the lease contains a provision to the effect that the lessee having gone into possession acknowledges that he has received the premises in good repair. While no Illinois case has been called to our attention which is exactly in point, the views herein expressed seem to have been applied by the Supreme Court of Massachusetts in *Papanastos v. Heller,* 227 Mass. 74, where a plaintiff recovered rent paid under a lease in which the defendant lessor had agreed to "fix up the demised premises above the store in good satisfactory condition," which the parties understood to mean that the work would be done before the beginning of the lease, but which the lessor failed to do. The court said that, considering the language in the light of the facts and circumstances, the agreement could not be considered as the usual repair covenant; that the judge

was warranted in concluding that it was the intention of the parties that the repair of the premises should be a condition precedent to the vesting of the estate in the lessees, and that consequently the lessor's failure of performance justified the lessees' rescinding the contract.

In *Poulos v. Skrekas,* 110 Neb. 296, 193 N. W. 703, the Supreme Court of Nebraska held that unreasonable delay in making repairs to premises leased for a confectionery store justified a court of equity in canceling the lease at the suit of the lessee. On the authority of these cases and *Rubens v. Hill, supra,* we hold the covenant to repair was in this case a condition precedent.

The judgment is affirmed.

*Affirmed.*

O'CONNOR, P. J., and McSURELY, J., concur.